**MARK T. JANSEN, ESQ.**
California Bar No. 114896
**PAUL F. KIRSCH, ESQ.**
California Bar No. 127446
**KIRSCH & JANSEN LLP**
2041 Bancroft Way, Suite 206
Berkeley, California 94704
Phone: (510) 390-8900
mark@kirschjansenlaw.com
paul@kirschjansenlaw.com

**PILAR R. STILLWATER, ESQ.**
California Bar No. 260467
**LIVE OAK LAW OFFICE LLP**
1442A Walnut Street #229
Berkeley, California 94709
Phone: 510.637.9349
pstillwater@liveoaklawoffice.com

Attorneys for Plaintiff
ATS PRODUCTS, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATS PRODUCTS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FIBER GLASS SYSTEMS, L.P., a Texas Limited Partnership; DOES 1-20 inclusive; and ROE BUSINESS ENTITIES 1-20, inclusive.<br><br>　　　　　　Defendants. | Case No. 4:26-cv-00494-HSG<br><br><br>**STIPULATION IN COMPLIANCE WITH DOCKET NO. 21 AND ORDER STAYING ACTION PENDING RESOLUTION OF PENDING MOTION TO DISMISS FIRST-FILED ACTION BETWEEN THE PARTIES PENDING IN SOUTHERN DISTRICT OF TEXAS;** |

Further to the Court's Minute Order following March 3, 2026 Case Management Conference (Dkt. 21), and to resolve the motion to dismiss or transfer this action filed by Defendant Fiber Glass Systems L.P. ("FGS") on February 4, 2026, Dkt. No. 5, and in light of the

STIP. TO STAY　　　　　　　　　　1　　　　　　　　CASE NO: 4:26-CV-00494-HSG

33483463v1

first-filed action between the Parties filed by FGS on June 11, 2025, in the federal district court for the Southern District of Texas, *Fiber Glass Systems, L.P.* v. *ATS Products, Inc.*, Case No. 4:25-cv-02728 (S.D. Tex.) (hereafter the "First-filed Texas Action"), the parties hereto stipulate to entry of an order staying this action until ATS's pending motion to dismiss is resolved in the First-filed Texas Action. The First-filed Texas Action concerns the same facts, claims and subject matter as asserted in the later-filed Complaint in this Court by Plaintiff ATS Products, Inc. ("ATS"). Accordingly, ATS and FGS (together, the "Parties"), by and through their undersigned counsel, hereby stipulate and recommend to the Court that FGS's motion to dismiss this case be resolved by an order staying all proceedings in this action until the Southern District of Texas decides the currently pending, fully briefed and submitted motion to dismiss the first-filed Texas action.

The stay order recommended by the Parties is consistent with Ninth Circuit authority and supported by good cause. The parties accordingly stipulate as follows:

1. On December 1, 2025, ATS filed its Complaint in this action in the Superior Court of the State of California, County of Contra Costa, Dkt. No. 1-1, which action FGS has removed to this Court (on January 16, 2026). Dkt. No. 1.

2. On February 10, 2026, ATS filed a Notice of Pendency of Other Actions ("Notice of Pendency"), Dkt. No. 8, notifying the Court of an earlier-filed Declaratory Relief action between the parties in the United Stated District Court for the Southern District of Texas, filed June 11, 2025, by FGS. FGS's Complaint in the First-filed Texas Action is attached as Exhibit 2 to the Notice of Pendency. *See* Dkt. No. 8-2 (S.D. Texas Complaint).

3. The First-Filed Texas Action involves the same two parties, the same circumstances, and the same claims asserted by ATS in its Complaint.

STIP. TO STAY                                2                        CASE NO: 4:26-CV-00494-HSG

33483463v1

4.  On December 12, 2025, ATS, specially appearing, filed a Motion to Dismiss the First-Filed Texas Action on grounds of improper venue (28 USC § 1391), and for dismissal under Federal Rules of Civil Procedure 12(b)(3), 12(b)(6), and the Declaratory Judgment Act (28 USC § 2201). A copy of ATS's Motion to Dismiss the First-Filed Texas Action is attached as Exhibit 5 to the Notice of Pendency. Dkt. No. 8-5. ATS's Motion to Dismiss was fully briefed as of February 13, 2026, and is under submission for determination by the District Court in Houston, Texas. *See* Dkt. No. 8 at 3.

5.  On February 4, 2026, FGS filed in this action its Motion to Dismiss or, In the Alternative, Motion to Transfer Venue ("FGS Motion"). Dkt. No. 5. The Parties jointly submitted a request and stipulation for an order extending briefing on the FGS Motion so that they would have time to discuss and agree on an appropriate resolution of the FGS Motion, which this Court granted on February 17, 2026. Dkt. Nos. 16, 17.

6.  The Parties jointly submit to the Court that, under the federal first-filed case doctrine, this Court should stay all proceedings in this case, at least until the Southern District of Texas decides the pending and fully briefed Motion to Dismiss the First-Filed Texas Action. A stay will avoid inconsistent results and duplicative use of judicial and party resources and is approved of by Ninth Circuit authority. *See, e.g., Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240-41 (9th Cir. 2015) (affirming stay where, as here, there was no dispute that earlier-filed federal case "involving substantially similar parties and issues" was the first-filed action). It is accepted practice in this Circuit to stay a second-filed action until motions to dismiss in an earlier-filed action are resolved. *See, e.g., Carolina Casualty Co. v. Data Broadcasting Corp*, 158 F.Supp.2d 1044, 1046 (N.D. Cal 2001) ("By stipulation, the parties

STIP. TO STAY                                    3                    CASE NO: 4:26-CV-00494-HSG

33483463v1

agreed to stay the case filed by defendants in the Central District pending a resolution by this court of defendants' motion to dismiss or to transfer venue.").

7. The Parties accordingly submit that there is good cause for this Court to issue an Order staying this case in accordance with Ninth Circuit authority, to avoid needless, duplicative litigation and use of judicial resources, until the Southern District of Texas has ruled on the pending Motion to Dismiss filed by ATS in that court. A stay of this case will avoid this Court duplicating the analysis already underway by the Southern District of Texas. A stay will also avoid the Parties' duplication of costly resources and time.

8. Along with this request for a stay, following the March 3, 2023 case management conference conducted by the Court, and subsequent minute order (Docket No. 21), (1) FGS withdraws its pending Motion to Dismiss in this action, without prejudice to refile after the ruling on ATS's Motion to Dismiss the pending Texas Action, and (2) without prejudice to FGS's right to dispute after such future ruling whether venue or jurisdiction are proper in this California Action.

9. The parties, therefore, jointly agree and request that the Court stay all proceedings in this action until such time as the Southern District of Texas decides the pending Motion to Dismiss or Transfer currently pending in that court.

IT IS SO STIPULATED.

Respectfully submitted,

DATED: March 12, 2026    **LIVE OAK LAW OFFICE LLP**

By:  */s/ Pilar R. Stillwater*
Pilar R. Stillwater
Attorney for Plaintiff
ATS Products Inc.

STIP. TO STAY    4    CASE NO: 4:26-CV-00494-HSG

33483463v1

DATED: March 12, 2026                **BOWMAN AND BROOKE LLP**


By:    */s/ Neil Kliebenstein*  
    Neil M. Kliebenstein
    Jonathan Nguyen
    Attorneys for Defendant
    Fiber Glass Systems, L.P.

STIP. TO STAY     5     CASE NO: 4:26-CV-00494-HSG

33483463v1

**ORDER STAYING ACTION**

Having considered the Parties' stipulation to stay all deadlines pending decision of the Southern District of Texas on Plaintiff ATS's motion to dismiss in *Fiber Glass Systems, L.P.* v. *ATS Products, Inc.*, Case No. 4:25-cv-02728 (S.D. Tex.), and finding good cause for the request to stay all deadlines, the Court hereby GRANTS the stipulation and ORDERS as follows:

1. This case is hereby STAYED pending disposition by the Southern District of Texas on ATS's pending Motion to Dismiss (Case No. 4:25-cv-02728, Dkt. No. 19).

2. Defendant's Motion to Dismiss or Transfer this action, filed February 4, 2026 (Docket No. 5) is withdrawn without prejudice to refile after the ruling on ATS's Motion to Dismiss the pending Texas Action, and (2) without prejudice to FGS's right to dispute after such future ruling whether venue or jurisdiction are proper in this California Action.

3. The Parties shall file a Joint Status Report within 14 days of the Southern District of Texas issuing its decision on ATS's pending Motion to Dismiss.

4. All deadlines previously set by this Court are taken off calendar, to be reset as appropriate once the stay ordered herein is lifted.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: 3/12/2026

_____
HON. HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

33483463v1